*599 On Petition for Rehearing
MATHEWS, Justice.
This case was affirmed on the authority of Fletcher v. State, Fla., 65 So.2d 845.
The petition for rehearing is based upon the allegation that the Court overlooked and failed to consider that the language in the second count of the information “confines .and limits the charge to one solely of pos•session and transporting of the implements .and devices for conducting lotteries as defined by subsections (f), (g), (h) and (i) of .'Section 1 of Chapter 26765, Laws of Florida 1951 [F.S.A. § 849.09(f — i) ]. The acts •defined in said subsections are misdemean■ors.”
In this case there were three counts. 'The first count alleged that the appellants '“did unlawfully and feloniously set up, pro.mote and conduct a lottery for money, commonly known as bolita.” The second count .alleged that the appellants “did unlawfully .and feloniously aid and assist in setting up, promoting and conducting a lottery or lottery drawing, commonly known as bolita, for money.” The third count charges that .the appellants “were interested in and connected with a lottery or lottery drawing, •commonly known as bolita, for money, in that they received, collected and transported money and records of the sale of chances on a lottery.” (Emphasis supplied.)
In other words, the first count charged •that they actually set up, promoted and conducted a lottery, the second count that •.they did aid mid assist in setting up, pro■moting and conducting a lottery; and the. third count that they were interested in and .connected with a lottery or lottery drawing. The defendants were convicted only ■on the second count and were acquitted on ■the first and third counts.
The acts specified, which the appellants were charged with doing, to “aid and .assist in setting up, promoting and conducting a lottery or lottery drawing * * * for -money,” were that they received and took into their possession and transported money and taly sheets and records showing the betting on said lottery. The specific charge or crime was that they aided and assisted. The manner or method of such aid and assistance was in that they “did * * * by receiving and taking into their possession and transporting money and tally sheets and records showing the betting on said lottery.” The charge upon which they were tried on the second count constituted a felony.
It may be that the method or means of aiding and assisting in the commission of the felony would constitute a misdemeanor if charged in a separate count or separate information. They were not charged simply with a misdemeanor and could not have been put to trial under the second count of the information for a misdemeanor. The mere fact that they may have received and taken into their possession and transported “money, tally sheets and records showing the betting on said lottery” did not constitute a felony. The aid and assistance in setting up, promoting and conducting a lottery is the crime charged. The act of receiving and taking into their possession and transporting money and tally sheets and records, showing betting on said lottery, is the method of aiding and assisting and is so directly connected with the charge of aiding and assisting that the two cannot be separated.
The conviction, or acquittal, of the charge of aiding and assisting, where certain overt acts are alleged as a means or method of aiding and assisting in “setting up, promoting and conducting a lottery,” precludes a prosecution for the overt acts named in the charge of aiding and assisting, as the means by which the end was accomplished. Such a prosecution would violate the guarantees against double jeopardy.
The petition for a rehearing be, and the same is, hereby denied.
SEBRING, C. J., DREW, J., and PARKS, Associate Justice, concur.